



Sweet, S.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X
LINDA BENJAMIN,

               Plaintiff,               No. 09-CV-9722 (RWS)

-against-

THOMAS CARUSONA, CHRISTOPHER
BENNETT, and GURNEY'S INN CORP.
LIQUIDATING TRUST,

               Defendants,

GURNEY'S INN RESORT & SPA LTD.,

               Nominal Defendant.
---------------------------------X

## CONFIDENTIALITY STIPULATION AND ORDER

Plaintiff Linda Benjamin, Defendants Thomas Carusona and Christopher Bennett, and Nominal Defendant Gurney's Inn Resort & Spa Ltd., each a party to the above-captioned action (the "Action"), agree and stipulate as follows:

    1.    *Confidential Information.* Upon a good faith determination by any party to the Action ("Party") that any document or thing being produced or disclosed in connection with the Action, whether formally or informally, including, but not limited to,

        a.    Documents (electronically stored information or hard copy);

        b.    Transcripts of depositions and court testimony;

        c.    Any other discovery or disclosure made in this Action, contains a trade secret or other proprietary or confidential business information that such Party would, in the ordinary course, not publicly disclose, such Party (the "Disclosing Party") may designate such document or thing "Confidential" (collectively, "Confidential Information"). Confidential

1

Information shall include, *inter alia*, any document or thing that the Disclosing Party believes in good faith constitutes or embodies matter used by it in or pertaining to its business, which matter is not generally known and which the Disclosing Party would not normally reveal to third parties or would cause third parties to maintain in confidence. Confidential Information further includes information that a Party has treated as confidential and is not subject to public disclosure and any other information that would qualify as confidential under any applicable legal standard.

2. *Designation*. The Disclosing Party shall identify in good faith such Confidential Information by affixing to it, in a manner that shall not interfere with its legibility, the words "CONFIDENTIAL" on all or any part of the document or thing. Any summary, compilation or copy of any document or thing so designated as "CONFIDENTIAL" shall be treated as provided by this Stipulation and Order. The "CONFIDENTIAL" designation shall, wherever practicable, be made prior to, or contemporaneously with, production or disclosure, except in the case of depositions, which shall be designated as set forth in Section 9 hereof.

3. *Use or Disclosure of Confidential Information*. The Parties agree that any Confidential Information will be held in strict confidence and will be used only for the purpose of prosecuting or defending the Action and shall be disseminated only to the Parties, their counsel, professionals, consultants or expert witnesses retained by the Parties or their counsel (or employees of any of the foregoing involved in prosecuting or defending the Action) whose review of this data is reasonably necessary to assist the Parties and their counsel in prosecuting or defending the Action.

4. *"Disseminate"*. For purposes of this Stipulation and Order, the term "disseminate" includes any facilitation of receipt or disclosure, or the actual transmission of information in tangible or intangible form, including summaries, thoughts, impressions, oral or

2

written, or the failure to take reasonable precautions to prevent accidental disclosure of information.

5. *Undertaking.* Prior to dissemination of any Confidential Information pursuant to Section 3 hereof to anyone other than the undersigned counsel and their employees involved in prosecuting or defending the Action, such recipients shall execute the Confidentiality Agreement annexed hereto as Exhibit A ("Confidentiality Agreement"). The Confidentiality Agreements shall be maintained by each Party or its counsel. Further, prior to dissemination to any duly authorized deponent to whom disclosure is to be made pursuant to Section 9 hereof, each such deponent shall execute, as appropriate, a Confidentiality Agreement. Such Confidentiality Agreement executed by a deponent shall be retained by the Party noticing the deposition.

6. *Disclosure to Author or Recipient.* Notwithstanding any other provisions, nothing in this Stipulation and Order shall prohibit Parties from disclosing a document or thing designated as "CONFIDENTIAL" to any person whom the document or thing clearly identifies as an author, addressee or carbon copy recipient of such document or thing; and regardless of its designation. The Parties may discuss the document with such person.

7. *Filings with this Court.* To the extent that any documents or things designated as "CONFIDENTIAL" are to be filed with this Court, each such document and thing shall be filed under seal with the Clerk of this Court pursuant to this Court's procedures set forth at http://www.nysd.uscourts.gov/cases_records.php?records-sealed_records. The mere inclusion in a pleading of factual information derived from documents or things designated "CONFIDENTIAL" will not require that the pleading be filed under seal if the Parties agree in writing prior to filing the pleading that the factual information actually contained in that pleading would not itself be properly subject to such designation. If the Parties cannot resolve a dispute

3

regarding the inclusion in a pleading of facts from documents or things marked "CONFIDENTIAL" the procedures of this paragraph shall be followed prior to the filing of any such pleading. To the extent that any Party seeks to use any document or thing designated as "CONFIDENTIAL" at a hearing, trial or other proceeding before this Court, the Party seeking to use such document or thing shall advise the Court of such anticipated use and request a ruling that the Parties shall be bound to adhere to the terms of this Section 7 when filing and/or using such document or thing.

8. *Redaction.* Parties may, in good faith, redact nonresponsive, nonrelevant or privileged information from any document or thing that is produced in accordance with the Federal Rules of Civil Procedure and shall provide the other Parties with a privilege log for any such redactions made based upon an assertion of privilege. If a Party objects to the redaction, and the Parties are unable to reach agreement, the Party objecting to redaction may move to compel the production of the redacted information at any time during the pendency of this action.

9. *Use of Confidential Information at Depositions.* Except as otherwise approved by the Disclosing Party or by an order of the Court, a recipient of Confidential Information may use the Confidential Information in deposing only (a) an individual who has had or who is eligible to have access to the Confidential Information by virtue of his or her employment with the Disclosing Party, (b) an individual identified in the Confidential Information as an author, addressee, or copy recipient of such information, or (c) an individual who, although not identified as an author, addressee, or copy recipient of such Confidential Information, is known to have seen such Confidential Information in the ordinary course of business, or (d) any other non-party witness who has executed the Confidentiality Agreement.

4

10. *Attendees at Confidential Information Depositions.* No one may attend or review the transcripts of the portions of any depositions at which Confidential Information is shown or discussed, other than the Court and its personnel, the court reporter, persons listed in Section 3 hereof, outside counsel for the Parties and counsel for a non-party deponent (who shall first have executed a Confidentiality Agreement if such counsel is not also counsel for one of the Parties).

11. *Distribution of Confidential Information Transcripts.* The portions of any deposition transcript that a Disclosing Party has designated on the record at the deposition as "CONFIDENTIAL" and any Confidential Information that is marked as a deposition exhibit shall be treated as Confidential Information. Notwithstanding the foregoing, the entirety of all deposition transcripts shall be deemed Confidential Information for ten (10) days after the transcript is delivered to counsel for the Disclosing Party. During the ten-day period, the Disclosing Party may designate, by page and line number (insofar as practicable), any portion of a deposition transcript, to the extent not previously designated, as Confidential Information. Transcript pages and exhibits containing Confidential Information shall be distributed only in accordance with Section 3 hereof and to the deponent, and the deponent's counsel (who shall first have executed a Confidentiality Agreement if such counsel is not also counsel for one of the Parties).

12. *Presentation of Confidential Information to this Court.* With respect to testimony elicited during hearings and other proceedings, whenever counsel for any Party deems that any question or line of questioning calls for the disclosure of Confidential Information, counsel may make an application to the Court for leave to designate on the record prior to such disclosure that the disclosure is "CONFIDENTIAL" and that the presentation of such Confidential Information to the Court shall be made in the presence of only the presiding officer and other court personnel,

5

an authorized court reporter, counsel for the Parties and persons authorized to receive Confidential Information under this Stipulation and Order.

13. *No Presumption of Protected Status.* This Stipulation and Order does not address discovery objections and does not preclude any Party from moving for any relief under the Federal Rules of Civil Procedure, the Federal Rules or Evidence or the Court's inherent powers. Nothing in this Stipulation and Order creates a presumption or implies that information designated as Confidential Information actually constitutes a trade secret, or proprietary or otherwise protectable confidential information. If a Party believes that any information is improperly designated under this Stipulation and Order, it may, at any time, contest such designation. Confidential Information that is subject to such a dispute shall be treated consistently with its designation by the Disclosing Party until the Court orders otherwise.

14. *Inadvertent Disclosure of Confidential Information.* Inadvertent failure to identify documents or things as Confidential Information pursuant to this Stipulation and Order shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted within fifteen (15) days of the discovery of the inadvertent failure. At such time, arrangements shall be made for the Disclosing Party to appropriately legend the information in accordance with this Stipulation and Order. A recipient of Confidential Information shall have no liability, under this Stipulation and Order or otherwise, for any disclosure of information contained in unlegended documents or things occurring before the recipient of the Confidential Information was placed on notice of the Disclosing Party's claim of confidentiality. A recipient of Confidential Information shall not disseminate such Confidential Information until ten business days after transmittal of the Confidential Information by the Disclosing Party.

15. *Inadvertent Disclosure of Work Product or Privileged Information.* Pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure and Rule 502(b) of the Federal Rules of Evidence, inadvertent production of documents or things subject to work product immunity or the attorney-client privilege shall not constitute a waiver of the immunity or privilege, provided that the Disclosing Party shall notify the recipient in writing of such inadvertent production within fifteen (15) days after the earlier of (a) the Disclosing Party's discovery of the inadvertent production or (b) its use in pleadings, motions or deposition testimony by any recipient. Such inadvertently produced documents and things shall be returned to the Disclosing Party upon request, provided that the Disclosing Party establishes the circumstances surrounding inadvertent production. The recipient shall not use the inadvertently produced documents and things during deposition or at trial and shall not show the inadvertently produced documents and things to anyone who has not already been given access to them prior to the notification of the inadvertent production. If, after conferring, the Parties are unable to reach a satisfactory agreement, the Disclosing Party may petition this Court regarding the matter. The recipient shall not disclose the document or thing for which the belated claim of immunity or privilege is being made to any person, other than those persons who have had it in their possession prior to receipt of notification from the Disclosing Party, until ten business days after receipt of the notification or, if a petition to the Court is submitted, until disposition of that petition.

16. *Subpoena of Confidential Information.* If any entity subpoenas or demands production from a recipient of Confidential Information, the recipient of such Confidential Information shall promptly notify the Disclosing Party of the subpoena or demand and shall not produce the information until the Disclosing Party has had reasonable time (at least ten (10) days) to object or take other appropriate steps to protect the information.

7

17. *Duty to Report.* When counsel for any Party becomes aware of any violation of this Stipulation and Order, or of a Confidentiality Agreement, or of facts constituting good cause to believe that a violation of this Stipulation and Order or such Confidentiality Agreement may have occurred, such counsel shall promptly report, with appropriate particulars to assist in aiding any investigation, to counsel for the Disclosing Party, and the Court, if appropriate, that there may have been a violation of this Stipulation and Order or such Confidentiality Agreement.

18. *Continuing Jurisdiction.* After the termination of the Action, the provisions of this Stipulation and Order shall continue to be binding until further order of the Court, and the Court shall retain jurisdiction over the Parties and any other person who has had access to Confidential Information pursuant to this Stipulation and Order or pursuant to a Confidentiality Agreement, in order to enforce the provisions of this Stipulation and Order or such Confidentiality Agreement.

19. *Duty to Destroy or Return Documents and Things.* Within sixty (60) days after the termination of the Action (including all appeals and further proceedings resulting therefrom) and upon the written request of the Disclosing Party, all Confidential Information (other than pleadings and exhibits contained in the official court record), including any copies of documents or reproductions of things, shall be destroyed or returned to each respective Disclosing Party by each recipient of such Confidential Information. Counsel for any Party or non-party recipient of Confidential Information shall provide written certification of compliance with this provision to counsel for the Disclosing Party within fourteen (14) days of expiration of the sixty (60)-day period set forth in this Section 19.

20. *Documents Not Applicable.* The undertakings of confidentiality and non-use agreed to by the Parties and as set forth herein shall not apply with regard to documents and

8

things that may be disclosed or obtained in the Action that can be demonstrated to have been properly in the public domain.

21. *No Waiver.* Nothing herein shall be construed as a waiver of any deponent's right to object to questions that may be asked of them at depositions conducted in this Action.

22. *Disclosure Required By Law.* Nothing herein shall prevent disclosure as required by law or compelled by order of any court of competent jurisdiction.

23. *Binding Agreement.* Upon execution, this Stipulation and Order is a binding agreement and may be executed in several counterparts, each of which shall be deemed an original, but all of which together shall constitute one instrument.

24. *Interpretation; Headings.* Should the Parties have any issues concerning the interpretation of this Stipulation and Order, they shall endeavor to promptly meet and confer to resolve the dispute before any Party moves for this Court's assistance. The headings used in this Stipulation and Order are supplied for convenience only and shall not be taken into account in the interpretation of this Stipulation and Order.

[this area intentionally left blank]

Dated: July 9, 2010

HARWOOD FEFFER LLP

By: _____
   Joel C. Feffer
   Daniella Quitt
   488 Madison Avenue, 8th Floor
   New York, New York 10022
   (212) 935-7400

   *Attorneys for Plaintiff*
   LINDA BENJAMIN

FARRELL FRITZ, P.C.

By: _____
   James M. Wicks
   Franklin McRoberts
   1320 RXR Plaza
   Uniondale, New York 11556-0120
   (516) 227-0700

   *Attorneys for Nominal Defendant*
   GURNEY'S INN RESORT & SPA LTD.

EATON & VAN WINKLE LLP

By: _____
   Ted G. Semaya
   Joseph T. Johnson
   3 Park Avenue
   New York, New York 10016
   (212) 561-3615

   *Attorneys for Defendants*
   THOMAS CARUSONA and
   CHRISTOPHER BENNETT

SO ORDERED

_____
Hon. Robert W. Sweet, USDJ

10

Dated: July 9, 2010

HARWOOD FEFFER LLP

By: _____
Joel C. Feffer
Daniella Quitt
488 Madison Avenue, 8th Floor
New York, New York 10022
(212) 935-7400

*Attorneys for Plaintiff*
LINDA BENJAMIN

FARRELL FRITZ, P.C.

By: _____
James M. Wicks
Franklin McRoberts
1320 RXR Plaza
Uniondale, New York 11556-0120
(516) 227-0700

*Attorneys for Nominal Defendant*
GURNEY'S INN RESORT & SPA LTD.

EATON & VAN WINKLE LLP

By: _____
Ted G. Semaya
Joseph T. Johnson
3 Park Avenue
New York, New York 10016
(212) 561-3615

*Attorneys for Defendants*
THOMAS CARUSONA and
CHRISTOPHER BENNETT

SO ORDERED
_____
Hon. Robert W. Sweet, USDJ
7.20.10

10